UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| JOHN WILEY STRICKLAND | ) | |
| BRENDA KAYE STRICKLAND | ) | CASE NO. 18-01289-JCO-13 |
| Debtors. | ) | |

## MEMORANDUM OPINION AND ORDER

This matter came before the Court on June 27, 2018, for a hearing on the Debtor's

Objection to the secured claim filed by Ford Motor Credit Company (hereinafter "FMCC"), to

which Ford Motor Credit Company filed its Response. (Doc. 18, 24). The parties were

requested to brief the issues raised in the filings, which they did, (Docs. 29, 30), and the Court

thereafter took the matter under advisement. The matter is now ripe for adjudication.

## JURISDICTION

This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 1334 and 157, and

the order of reference of the District Court dated August 25, 2015. This is a core proceeding

pursuant to 28 U.S.C. § 157(b)(2)(A), and the Court has authority to enter a final order.

## FACTS AND PROCEEDINGS

The facts of this case are generally undisputed, have been stipulated to by the parties and

are as follows.

On or about June 11, 2015, the Debtors entered into a retail installment contract and

security agreement with FMCC to purchase one 2015 Ford Escape VIN#

1FMCU0G94FUB88766 (hereinafter "vehicle"). FMCC properly perfected its security interest

in the vehicle by applying for and receiving a certificate of title from the Alabama Department of

Revenue (hereinafter "DOR") reflecting FMCC as lienholder. On or about May 2, 2017, FMCC

mistakenly executed a lien release on the certificate of title and mailed it to the Debtors. It is

undisputed that the loan was not paid in full prior to the lien release being executed by FMCC. The Debtors realized the lien release was in error and continued to make payments to FMCC under the terms of the contract. Upon receiving the certificate of title from FMCC, the Debtors did not forward it to the Alabama DOR, rather, they retained it. The Debtors filed bankruptcy on March 30, 2018. It is undisputed that the Alabama DOR has not issued a new certificate of title indicating that the lien has been released. FMCC filed its secured proof of claim on April 11, 2018, in the amount of $19,049.84. The Debtors' filed their Objection to Claim on May 18, 2018 and requested that the claim of FMCC be allowed in full but reclassified as unsecured due to FMCC's mistake in releasing the lien.

The Debtors contend that because FMCC executed the lien release on the certificate of title and mailed it to them, the debt to FMCC ceased to be secured and its claim should be treated as an unsecured claim in this case. FMCC contends that because the lien release was a mistake, its lien was not legally released and remained attached to the vehicle at the time of filing.

The issue presented is whether FMCC effectuated a lien release by mistakenly executing a release of lien on the vehicle certificate of title and mailing that title to the Debtors, who never forwarded the title to the DOR. For the following reasons, the Court finds that the mistaken release was not a valid lien release.

## CONCLUSIONS OF LAW

Property interests are created and defined by state law. Unless some federal interest requires a different result, there is no reason why such interests should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding. *Butner v. U.S.*, 440

U.S. 48, 55 (1979). According to the retail installment contract forming the basis of this proof of

claim, Alabama law applies. (*See* Claim 2-1 at 5).

Section 32-8-64 of the Alabama Code states in pertinent part:

> (a) Upon the satisfaction of a security interest in a vehicle for which
> the certificate of title is in the possession of the lienholder, he or she
> shall, within 10 days after demand, execute a release of his or her
> security interest, in the space provided therefor on the certificate or
> as the department prescribes, and mail or deliver the certificate and
> release to the next lienholder named therein, or, if none, to the owner
> or any person who delivers to the lienholder an authorization from
> the owner to receive the certificate. The owner, other than a dealer
> holding the vehicle for resale, shall promptly cause the certificate
> and release to be mailed or delivered to the department, which shall
> release the lienholder's rights on the certificate or issue a new
> certificate.

Ala. Code § 32-8-64(a).

Statutory Interpretation

To interpret this Alabama statute, the Court is required to utilize basic principles of

statutory interpretation. When interpreting statutory language, courts must enforce the statute as

written if the language of the statute is plain. Courts should follow the plain meaning of that

statute unless it would create a bizarre result. *Demarest v. Manspeaker,* 498 U.S. 184 (1991). It

is a "cardinal principle of statutory construction that a statute ought, upon the whole, to be so

construed that, if it can be prevented, no clause, sentence or work shall be superfluous, void, or

insignificant." *TRW, Inc. v. Andrews*, 534 U.S. 19, 31 (2001) (quoting *Duncan v. Walker*, 533

U.S. 167, 174 (2001)). "The word 'shall' is ordinarily the language of command." *In re*

*Tennyson*, 611 F. 3d 873, 877 (11th Cir. 2010) (*citing Alabama v. Bozeman,* 533 U.S. 146, 153

(2001)). The use of the word "shall" "normally creates an obligation impervious to judicial

discretion." *Id.* (*citing Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach,* 523 U.S. 26, 35

(1998) (citation omitted)).

Faced with this same issue of whether an Alabama lien release was proper, the Bankruptcy Court in the Middle District of Georgia applied principles of statutory interpretation to § 32-8-64 of the Alabama Code and came to the conclusion that where each requirement of the statute is not properly met, an effective lien release in the vehicle cannot occur. *In re Marshall,* 266 B.R. 554, 556 (Bankr. M.D. Ga. 2001). The *Marshall* Court concluded that "three steps must be completed in order for a lien release to be effective: (1) execution of a release on the certificate; (2) delivery of the certificate to the next lienholder or owner; and (3) delivery of the certificate to the DOR by the next lienholder or owner." *Marshall* at 556. The *Marshall* Court also found that "given the beginning language of the statute, '[u]pon satisfaction of the security interest' . . . satisfaction of the lien is a prerequisite for a release to be valid." *Id.* (citation omitted). "Therefore, because the lien was not satisfied and the final step of delivery to the DOR was not completed, . . . [the creditor] did not effectively release its security interest in the [vehicle]." *Id.*

This conclusion is consistent with the reasoning in *In re Blackerby,* which, though decided on different facts, held that a bank did not effectively release its security[1] simply by mistakenly noting a release on the certificate of title," primarily because one of the "purposes of the underlying Alabama Uniform Certificate of Title and Antitheft Act . . . is to provide a means for interested parties to ascertain essential information concerning title to vehicles." *Marshall* at 556 (citing *In re Blackerby,* 53 B.R. 649, 653 (Bankr. N.D. Ala. 1985). The Alabama Court of Civil Appeals later addressed this same issue and upheld *Marshall*'s interpretation of section 32-

---

[1] *Blackerby* defines a security interest as an agreement "which contains a description of the collateral and [debtor's signature] . . . to [] creat[e] a security interest in the collateral." *Id.* at 651. The Bankruptcy Code defines "security interest" to mean a "lien created by an agreement." 11 U.S.C. § 101(51).

Case 18-01289   Doc 35   Filed 09/24/18   Entered 09/24/18 16:03:05   Desc Main
Document      Page 4 of 7

8-64 of the Alabama Code. *See Gloor v. BancorpSouth Bank,* 925 So. 2d 984, 988 (Ala. Civ. App. 2005).

Application

Applying principles of statutory interpretation and the holdings in *Marshall* and *Gloor,* this Court adopts the reasoning therein and concludes that under Alabama law, three steps, plus a prerequisite, must be completed in order to effectively release a lien on a motor vehicle. The prerequisite of "satisfaction of [the] security interest in [the] vehicle" must occur before the following three steps:(1) the lienholder must execute the release on certificate of title; (2) the lienholder must deliver the certificate to next lienholder or owner; and (3) the certificate must then be delivered to the Department of Revenue by next lienholder or by the owner.

Satisfaction

Black's Law Dictionary defines "satisfaction" as "the fulfillment of an obligation; esp., the payment in full of a debt. . . . — satisfy, *vb.*" SATISFACTION, Black's Law Dictionary (10th ed. 2014). Here, there exists a valid security interest which must be satisfied before steps may be taken to release FMCC's lien. It is undisputed that the debt underlying the security interest has not been satisfied by the Debtors. The Debtors continued to make payments to FMCC on the debt even after FMCC released title to them, and they admit that FMCC's proof of claim should be allowed, but as unsecured.

Therefore, given the undisputed facts that the debt underlying the security interest has not been satisfied as required by statute, this Court finds that an effective lien release has not occurred by FMCC.

5

<u>Delivery</u>

Even if the underlying debt could be characterized as satisfied, an effective lien release still did not occur because the Debtors failed to deliver the title to the DOR. The last sentence of the Statute states that the "owner, other than a dealer holding the vehicle for resale, *shall* promptly cause the certificate and release to be mailed or delivered to the department, . . ." Ala. Code § 32-8-64 (emphasis added). As set out above, use of the word, "shall," is a command creating an obligation impervious to judicial discretion. *See Tennyson, supra* p. 3.

The last sentence of the Statute states that the "owner . . . *shall* promptly cause the certificate and release to be mailed or delivered to the department, . . ." Ala. Code § 32-8-64 (emphasis added). The Statute's use of the word, "shall," is a command creating an obligation of the owner that this Court has no discretion to ignore. *See Tennyson, supra* p. 3. It is undisputed that the Debtors failed to deliver the title to the DOR as required by the statute, and thus failed to comply with the final requirement of the statute. At all times prior to the Debtors filing for relief under the Bankruptcy Code, FMCC was listed as the registered lienholder with the State of Alabama Department of Revenue and presently remains as such. Therefore, the Debtors have failed to comply with the statutory prerequisite of satisfaction and the requirement of delivery to the DOR for a valid lien release to occur. This Court thus finds that the lien release is invalid. FMCC's claim is due to be classified as secured.

## CONCLUSION

Based on the foregoing undisputed facts and application of the relevant law, this Court finds that Debtors' Objection to Claim of FMCC is due to be and hereby is OVERRULED. FMCC's claim SHALL be classified as secured and possession of title SHALL be returned to FMCC until such time that the debt and security interest are satisfied.

Dated:  September 24, 2018

_____
JERRY C. OLDSHUE, JR.
U.S. BANKRUPTCY JUDGE